# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GALVIN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-1079-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jose Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison ("Corcoran") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) J. Galvin, mailroom, (2) D. Burns, custody captain, (3) H. Mosseley, reviewing authority, Office of Appeals.

Plaintiff alleges a First Amendment violation.  On 3/27/24, Plaintiff was sent 100 pictures on 4/3/24.  J. Galvin disallowed 73 of them citing frontal nudity.  On 4/16/24, Custody Captain D. Burns also signed and denied Plaintiff's photos on that date.  J. Galvin signed the 1819 form of "Disapproval for mail/package" then it went to custody Captain D. Burns for him/her to decide if it was in violation and if Plaintiff could receive the photos.  D. Burns also denied the photographs on 4/16/24.  They cited policy of Title 15 section 3006c(11)(A) "material that shows fontal nudity in the form of breast, genitalia of either gender."  Under Operation Manual 54010.15, the rule/policy states in part that "inmates shall not possess mail/pictures that shows where, how or when obscene material may be obtained."  It also states obscene material means catalogs, brochures, taken as a whole and not allowed.  It also states material subject to this test "portrays,

2

displays, describes, or represents penetration of the vagina, anus, or contact between mouth and genitalia." (corrected for spelling.)  Yet, Corcoran allows prisoners to buy "letters from Penthouse" which describes all of the above.

Plaintiff has not violated this rule/policy.  Each of the pictures has covering/underwear and bras.  There is not frontal nudity or exposed breasts.  Plaintiff is not in violation of Title 15, Rule 3006(17)(A) or O.P. manual 54010.15 "obscene material."  Plaintiff has received this same photos at the prison in 2022.  Now on 9/3/24 at 10:47 a.m. Captain Espenoza, Lt. A. Randa and Sgt. Childress came and took 2 of Plaintiff's photo albums to compare, then brought them back at 11:20 a.m.  Sgt Childress said "you won you will get more than 50 photos."  Then on 9/13/2024, Captain Espenoza and Sgt. Kairis on 4A-Fac-1L came to Plaintiff's cell and told Plaintiff he would get 52 photos.  Plaintiff told Sgt. Kairis that he could bring them.  Capt. Espenoza said "they never should have been denied in the first place."  Sgt Kairis had his body cam on.  This was around 3:00 p.m-3:30 p.m.  On 9/3/24, all Plaintiff's pictures were brought by Capt. Espenoza.  The photos were never given to Plaintiff so Plaintiff filed a 602 as Log #626244.

J. Galvin on 4/3/22[1] and D. Burn[2] on 4/16/24 both denied Plaintiff's photos citing Title 15, rule/policy 3006(17)(A) "obscene material."

H. Mosseley is in violation because there is no rule/policy that lets CDCR restart an appeal.  Plaintiff believes Mosseley is part of the problem. Mosseley granted Plaintiff's appeal and had Corcoran restart it. Mosseley is in violation of rule/policy 3084.7 "Appeal Review and Disposition" only because it does not say they can restart an appeal.  They can either deny, grant, not accept it or send it to the proper authority to deal with.  Mosseley restarting the appeal is in violation of the First Amendment.

The denial of the photos served no penological interest and does not violate any rule or policy.  Plaintiff only gets photos from the approved catalogs and approved vendors.  Capt. Espenoza, Lt. Aranda and Sgt Childress and Kiaris only took Plaintiff's photo albums so they could compare them to see what was allowed and allowable.

---

[1] This date maybe in error and should be 4-3-24.

[2] The Court believes the spelling of "Burn" should be "Burns."

3

As remedies, Plaintiff wants his 73 pictures, have his filing fee paid, and also seeks damages.

### III. Discussion

**First Amendment – Interference with Mail**

Plaintiff challenges the denial of pictures he had ordered.

Prisoners have "'a First Amendment right to send and receive mail,' but prison regulations may curtail that right if the 'regulations are reasonably related to legitimate penological interests.'" *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (quoting *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (as amended); *see Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Watkins v. Curry*, 2011 WL 5079532, at *4 (N.D. Cal. Oct. 25, 2011) (finding that an isolated incident of mail mishandling, without evidence that the delay was based on the content of the letter or that the one-year delay was purposeful, fails to show First Amendment violation); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners.").

When considering prison regulations on incoming publications, "[s]ome content regulation is permissible in the prison context." *McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987); *see Beard v. Banks*, 548 U.S. 521, 531-32 (2006) (analyzing prison inmate's challenge to a state Department of Corrections policy restricting access to newspapers, magazines, and photographs under the *Turner* factors). In *Turner*, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89.

> There are four factors relevant to the *Turner* reasonableness inquiry: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to

exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

Title 15 defines contraband as "anything which is not permitted, in excess of the maximum quantity permitted, or received or obtained from an unauthorized source." Cal. Code Regs., tit. 15, § 3000.  Contraband includes obscene material, which is "material taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest; and is material which taken as a whole, depicts sexual conduct; and which, taken as a whole, lacks serious literary, artistic, political, or scientific value."  Cal. Code Regs., tit. 15, § 3006(c)(15)(A). Contraband also includes, in relevant part, materials that appeal to deviant sexual groups or conduct in which one of the participants is a minor and appears to be under 18 years of age.  Cal. Code Regs., tit. 15, § 3006(c)(15)(B), (C)(6).

Inmates are not permitted to possess, have in their control, or receive in the mail obscene material. Cal. Code Regs., tit. 15, § 3135(d). When mailroom staff identify a piece of mail that satisfies the definition of obscene material and decide to withhold the mail item, they must send a CDCR 1819 form to the inmate. Cal. Code of Regs., tit. 15, § 3136.

Plaintiff alleges that the photographs seized were non-nude, nonsexual photos purchased from approved catalogs from approved vendors.

1. Facial Challenge

A constitutional challenge to a policy is "'facial' [if] it is not limited to plaintiff['s] particular case, but challenges application of the law more broadly...." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (facial challenges "reach beyond the particular circumstances of these plaintiffs").  Facial challenges are disfavored. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). "A facial challenge to a [policy] is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [policy] would be valid. The fact that the [policy] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" *United States v. Salerno*, 481 U.S. 739, 745 (1987).

5

Plaintiff does not challenge the CDCR regulations/rule/policy barring "sexually explicit" photographs depicting frontal nudity, but rather how the rule/policy was applied to him.

### 2. As-Applied Challenge

" '[A] [policy] ... may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question.' " *Little v. Streater*, 452 U.S. 1, 16 (1981) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Thus, to support an "as applied" challenge, Plaintiff must show that his individual circumstances make the general application of the rule/policy unconstitutional. *See Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005). As-applied challenges are also subject to the *Turner* framework. *Prison Legal News v. Ryan*, 39 F.4th at 1135.

Accepting Plaintiff's factual allegations as true, liberally construing the allegations, and also drawing all inferences therefrom in Plaintiff's favor, as the Court must at this stage, Plaintiff states a cognizable claim that the confiscation of photographs in the mail violated the First Amendment by J. Galvin and Captain D. Burns who deprived Plaintiff of the photographs. At the screening stage, the Court cannot ascertain the balancing required for the *Turner* factors. Plaintiff alleges the confiscated photographs were not prohibited under the cited regulations because the photos did not depict frontal nudity, as the figures in the photos wore underclothing, and he had purchased the photos from approved vendors and from approved catalogs.

**Due Process – Deprivation of Property**

Plaintiff alleges that some photos, and possibly his photo albums, have been confiscated or destroyed.

The Fourteenth Amendment's Due Process Clause may provide protection for detained individuals who are deprived of property without due process of law. However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)

6

(intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, Plaintiff alleges that the loss of his photos was random and unauthorized. As such, the availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon*, 494 U.S. at 128. Accordingly, Plaintiff fails to state a cognizable claim for any alleged loss of his personal property as he may pursue this claim in state court.

**Processing of Appeals**

To the extent Plaintiff is complaining about the appeals process used by Mosseley, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

///

**Title 15 and Policy Violation**

To the extent that any Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See*, *e.g.*, *Nible v. Fink,* 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### IV.   Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on March 31, 2025 (ECF No. 12), states a cognizable claim against Defendant J. Galvin and Captain D. Burns for violation of the First Amendment based on an as-applied challenge to the policy withholding the photographs.  Plaintiff fails to state any other claim against any defendant.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed March 31, 2025 (ECF No. 12), against Defendant J. Galvin and Captain D. Burns for violation of the First Amendment based on an as-applied challenge to the policy withholding the photographs; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 2, 2025**                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE

9